IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ARMSTRONG FLOORING, INC., *et al.*[1],<br><br>Debtors. | Chapter 7[2]<br><br>Case No: 22-10426 (MFW)<br><br>(Jointly Administered) |
| Armstrong Flooring, Inc.<br><br>Plaintiff<br><br>vs.<br><br>ReliaQuest, LLC,<br><br>Defendant. | Adv. Proc. No.: 23-50042 |

**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT TO AVOID
AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548,
AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Defendant, ReliaQuest, LLC ("Defendant"), by and through its undersigned counsel, hereby responds to the *Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548, and 550 and to Disallow Claims pursuant to 11 U.S.C. § 502* (the "Complaint") filed by Armstrong Flooring, Inc. ("Plaintiff") and states as follows:

**NATURE OF THE CASE**

1. Denied that Plaintiff is entitled to relief sought.

2. Denied that Plaintiff is entitled to relief sought.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Armstrong Flooring, Inc. (3305); AFI Licensing LLC (3265); Armstrong Flooring Latin America, Inc. (2943); and Armstrong Flooring Canada Ltd. (N/A). The address of the Debtors' corporate headquarters is PO Box 10068, 1770 Hempstead Road, Lancaster, PA 17065.

[2] The case caption in this adversary proceeding originally designated the Debtors' cases as chapter 11 cases; however, on April 14, 2023, the Court entered an order converting the Debtors' cases to chapter 7 cases.

## JURISDICTION AND VENUE

3. Admitted for jurisdictional purposes.

4. Admitted for jurisdictional purposes.

5. Admitted for jurisdictional purposes.

6. Admitted for jurisdictional purposes.

7. Admitted for jurisdictional purposes.

## PROCEDURAL BACKGROUND

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

## THE PARTIES

12. Without knowledge; therefore denied.

13. Without knowledge; therefore denied.

14. Admitted.

## FACTUAL BACKGROUND

15. Without knowledge; therefore denied.

16. Without knowledge; therefore denied.

17. Without knowledge; therefore denied.

18. Without knowledge; therefore denied.

19. Without knowledge; therefore denied.

20. Without knowledge; therefore denied.

21. Without knowledge; therefore denied.

#190817991_v2

22. Admitted.

23. Admitted.

24. Denied that Plaintiff is entitled to relief sought.

25. Admitted. Defendant answered the demand letter with complete defenses yet Plaintiff sued before responding to the Defendant.

26. Admitted insofar as Defendant has a new value defense; otherwise without knowledge and therefore denied.

27. Denied.

28. Denied.

### CLAIMS FOR RELIEF

### COUNT I
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

29. Defendant adopts its responses in paragraphs 1 through 28 above as though fully set forth herein.

30. Admitted.

31. Without knowledge; therefore denied.

32. Denied.

33. Admitted.

34. Denied.

35. Without knowledge; therefore denied.

36. Admitted.

37. Denied.

38. Denied.

#190817991_v2

## COUNT II
## (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548 (a)(1)(B))

39. Defendant adopts its responses in paragraphs 1 through 38 above as though fully set forth herein.

40. Denied that Plaintiff is entitled to the relief it is seeking.

41. Denied.

## COUNT III
## (Recovery of Avoided Transfers – 11 U.S.C. § 550)

42. Defendant adopts its responses in paragraphs 1 through 41 above as though fully set forth herein.

43. Denied.

44. Admitted.

45. Denied.

## COUNT IV
## (Disallowance of All Claims – 11 U.S.C. § 502(d) and (j))

46. Defendant adopts its responses in paragraphs 1 through 45 above as though fully set forth herein

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## DEFENSES

I. **CONTEMPORANEOUS EXCHANGE**

Plaintiff's claims are barred under 11 U.S.C. § 547(c)(1) because any transfers made by Plaintiff to Defendant were:

  a.  intended by Plaintiff and Defendant to be a contemporaneous exchange for new value; and

  b.  in fact a substantially contemporaneous exchange.

## II. ORDINARY COURSE OF BUSINESS

Plaintiff's claims are barred because any transfers made by Plaintiff to Defendant were made in the ordinary course of business or financial affairs of Plaintiff and the Defendant pursuant to 11 U.S.C. § 547(c)(2). Specifically, such transfers were made:

  a.  in payment of a debt incurred by Plaintiff in the ordinary course of business and financial affairs of Plaintiff and Defendant;

  b.  made in the ordinary course of business and financial affairs of Plaintiff and Defendant; and

  c.  made according to ordinary business terms.

Further, there have been no new or unusual collection efforts, nor any conduct whatsoever deviating from Defendant's pre-preference period conduct or from conduct consistent with the terms of the parties' agreement.

## III. NEW VALUE

Plaintiff's claims are barred because Defendant extended new value to or for the benefit of Plaintiff in exchange for any transfers made by Plaintiff to Defendant, which new value reduces or eliminates any alleged preferences made by the Debtors pursuant to 11 U.S.C. § 547(c)(4).

## IV. GOOD FAITH

Plaintiff's claims are barred under 11 U.S.C. § 547(c) because Defendant took each payment for value and in good faith, without knowledge of the potential voidability of the transfers, and gave value to Plaintiff in exchange for such payments.

## V. REASONABLY EQUIVALENT VALUE

Plaintiff's claims are barred because Plaintiff is unable to meet its burden to show that Plaintiff and/or its affiliated debtors received less than reasonably equivalent value in exchange for any payment made by Plaintiff to Defendant, as Plaintiff is required to do pursuant to 11 U.S.C. § 548(a)(1)(b).

## VI. MERE CONDUIT

Plaintiff's claims are barred, in part, because $5,700 of the alleged transfers were funds held in trust by Defendant to pay sales taxes to the State of Pennsylvania. Under Pennsylvania state law, Defendant is required to collect sales tax from its customers. *See* 72 Pa. Stat. § 7202; *see also Brown v. Com.*, 670 A.2d 1222, 1224 (Pa. Commw. Ct. 1996) ("A sales tax of 6 per cent of the purchase price . . . must be collected by the vendor and paid to the Commonwealth [of Pennsylvania]."). Critically, once a vendor collects sales tax in Pennsylvania, the tax funds "shall constitute a trust fund for the Commonwealth . . . ." *Brown*, 670 A.2d at 1224 (quoting 72 Pa. Stat. § 7225).[3] Indeed, the title of section 7225 is "Tax held in trust for the Commonwealth." The Third Circuit also recognizes that, under Pennsylvania law, "'receipt of [sales] tax money by [a] vendor operates to create a constructive trust.'" *City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 97 (3d Cir. 1994) (quoting with approval *City of Philadelphia v. Heinel Motors*, 142 Pa. Super. 493, 502, 16 A.2d 761, 765 (1940)). Therefore, under Pennsylvania law, and as recognized by the Third Circuit, sales tax funds collected by Defendant for the benefit of the Commonwealth of Pennsylvania are held in trust. Defendant was therefore a mere conduit or pass-through entity with respect to such funds.

---

[3] For the avoidance of doubt, the current version of Pennsylvania's tax code, effective July 1, 2019, contains the same language quoted in Brown.

## VII.  NOT PROPERTY OF THE ESTATE

Plaintiff's claims are barred, in part, because the $5,700 held in trust by Defendant to pay sales taxes and are not property of the estate in which Plaintiff has a legal interest. "In *Begier*, the Supreme Court found that trust fund taxes were encompassed within the broader concept of a trust contemplated by section 541(d)." *In re Edison Bros., Inc.*, 243 B.R. 231, 240 (Bankr. D. Del. 2000) (citing *Begier v. I.R.S.*, 496 U.S. 53, 64 (1990)).  And Congress never intended for trust fund taxes to constitute estate property under Bankruptcy Code section 541.  In *Edison*, the Bankruptcy Court for the District of Delaware opined that "the Senate version of section 541(d) expressly included trust fund taxes as excluded from property of the estate whether or not such taxes are segregated from the debtor's general operating accounts." *Id.* (citing S. Rep. No. 95–1106 at 33).  However, "[t]he reference to trust fund taxes was deleted in the final version of the section as 'unnecessary' because no funds held in trust would become property of the estate." *Id.* (citing 124 Cong. Rec. at 32417) (emphasis added).

## CONCLUSION

WHEREFORE, Defendant respectfully asks this Court to deny the relief sought in the Complaint, to grant judgment for Defendant and against Plaintiff thereon, to award Defendant costs in defending this action, and to grant such other and further relief as this Court deems just and appropriate.

[*signature page follows*]

Dated: May 1, 2023

Respectfully submitted,

HOLLAND & KNIGHT LLP

/s/ *Jacob Morton*
Jacob Morton (Del. Bar No. 6684)
200 S Orange Ave #2600,
Orlando, FL 32801
Phone: 407-425-8500
Fax: 813-229-0134
Email: Jacob.Morton@hklaw.com

*Attorneys for ReliaQuest, LLC,*
*Defendant in this Adversary Proceeding*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of May, 2023, a true and correct copy of the foregoing was filed through the Court's CM/ECF electronic filing system and will be served upon those receiving CM/ECF service in these chapter 7 cases.

/s/ *Jacob Morton*
Jacob D. Morton, Esq.

8

#190817991_v2